21-941-cv
*Consulting Concepts Int'l, Inc., et al. v. Kingdom of Saudi Arabia, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-two.

PRESENT:
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges*.

───────────────────────────────

Consulting Concepts Int'l, Inc., Massimiliano Pincione,

> *Plaintiffs-Appellants*,

v.                                                                21-941-cv

Kingdom of Saudi Arabia, Consumer Protection Association, an Association/Agency of Kingdom of Saudi Arabia,

> *Defendants-Appellees*.

───────────────────────────────

FOR PLAINTIFFS-APPELLANTS:     BRIAN J. ISAAC, Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Special and Appellate Counsel to Antin Enrlich & Epstein, LLP, New York, NY, *on the brief*).

FOR DEFENDANTS-APPELLEES:     ALEXANDRA E. CHOPIN, (Mitchell R. Berger, Myung Han Kim, *on the brief*), Squire Patton Boggs (US)

LLP, New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court are **AFFIRMED**.

Plaintiffs-Appellants Consulting Concepts International, Inc. ("CCI") and its principal Massimiliano Pincione appeal from an order and judgment of the district court dismissing their breach of contract, account stated, *quantum meruit*, and unjust enrichment claims against Defendants-Appellees Kingdom of Saudi Arabia ("Saudi Arabia") and the Consumer Protection Association of Saudi Arabia ("CPA") for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1602, *et seq.*, and *forum non conveniens*.

On appeal, Appellants argue that Saudi Arabia and its agency, the CPA, are not immune from suit under the FSIA because they engaged in a commercial activity having a nexus with the United States by entering into an agreement with CCI for the provision of certain consulting services. Appellants also challenge the district court's denial of jurisdictional discovery and dismissal of their claims for *forum non conveniens* based on a finding that CCI's agreement with the CPA contains a mandatory forum selection clause requiring the parties to litigate any dispute arising from the agreement in the United Kingdom.

We review a district court's legal conclusions concerning a determination of foreign sovereign immunity under the FSIA *de novo* and its factual findings for clear error. *See Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 817 (2d Cir. 2021). We assume the parties' familiarity with the underlying facts and prior record of

proceedings, to which we refer only as necessary to explain our decision to affirm for lack of subject matter jurisdiction under the FSIA.

Pursuant to the FSIA, foreign states and their agencies or instrumentalities are presumptively immune from suit in the United States unless one of several exceptions applies. *See* 28 U.S.C. §§ 1604, 1605; *see also* § 1603(a) (defining "foreign state" to include "an agency or instrumentality of a foreign state"). If no exception applies, a court lacks subject matter jurisdiction. *See Kato v. Ishihara*, 360 F.3d 106, 108 (2d Cir. 2004).

A foreign state may be subject to suit if it engages in a "commercial activity" with a nexus to the United States. *See* 28 U.S.C. § 1605(a)(2). Under this exception, a foreign state is not immune from claims based: "[1] upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." *Id.* A foreign state's "commercial activity" can take the form of "either a regular course of commercial conduct or a particular commercial transaction or act." *Id.* § 1603(d). As set forth below, we agree with the district court that Appellants have failed to demonstrate that the claims at issue fall within the commercial activity exception to the FSIA.

Under the first prong of the exception, Appellants argue that Saudi Arabia and the CPA, though presumptively immune as foreign states, are subject to jurisdiction because they "carried on" a commercial activity in the United States by retaining CCI, a New York company, which performed most of the work under the agreement in New York. We disagree.

A commercial activity is "carried on" in the United States when the commercial activity

3

has "substantial contact" with the United States. 28 U.S.C. § 1603(e). Although Congress has not defined the "contours" of such contact, it requires "a tighter nexus than the 'minimum contacts' standard for due process." *See Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555, 565 (2d Cir. 2020) (internal citation omitted). For example, in *Pablo Star*, we found substantial contact where the Welsh government distributed promotional materials for display and use in the United States as part of its "The Welsh in America" campaign, and those materials were printed under contract with New York companies. *See id.* at 565–66. In *Everard*, we found substantial contact where, among other things, the Republic of Suriname "chose to deal with an American company," "the contract targeted the U.S. travel market," and "many aspects of the contract were performed in New York." *See Everard Findlay Consulting, LLC v. Republic of Suriname*, 831 F. App'x 599, 601 (2d Cir. 2020) (summary order) (internal quotation marks and alterations omitted).

Here, unlike in *Pablo Star* or *Everard*, the commercial activity did not have substantial contact with the United States. Although the CPA entered into an agreement with CCI, a New York-based company, and CCI performed some of the work under the agreement in New York, the services for which CCI was retained were aimed at Saudi Arabia, not the United States. Under the agreement, CCI agreed to "assume the implementation and management of a progressive pulmonary healthcare reform" in Saudi Arabia and devise a "marketing campaign" targeting the Saudi public. Joint App'x at 83. In addition to the services being aimed at Saudi Arabia, the execution of the contract and the decision not to pay also took place in Saudi Arabia, as Appellants concede. Given these uncontroverted facts, and the lack of any substantial contacts with the United States, the district court correctly concluded that the commercial activity did not satisfy the first prong of the exception.

Appellants contend, in the alternative, that Appellees' negotiation, recruitment, and retention of Appellants' services constituted "act[s] performed in the United States" in connection with the execution of the contract, which was commercial activity elsewhere, satisfying the exception's second prong. However, the relevant act here is the contract's breach, not its formation. *See OBB Personenverkher AG v. Sachs*, 577 U.S. 27, 35 (2015) (explaining that, in the context of the commercial activity exception, "an action is 'based upon' the 'particular conduct' that constitutes the 'gravamen' of the claim"). It is undisputed that Appellees' decision to not pay occurred in Saudi Arabia, not in the United States. *See Guirlando v. T.C. Ziraat Bankasi A.S.*, 602 F.3d 69, 76 (2d Cir. 2010)("The decision by a foreign sovereign not to perform is itself an act, but it is not an act in the United States; it is an act in the foreign state."). Therefore, Appellees are not subject to jurisdiction under the second prong of the commercial activity exception. *See Rogers v. Petroleo Brasileiro, S.A.*, 673 F.3d 131, 137 (2d Cir. 2012) (stating that "[a] threshold requirement under the statute . . . is that the relevant act was performed in the United States").[1]

Finally, we find Appellants' challenge to the district court's denial of jurisdictional discovery to be unpersuasive. We review a district court's decision to deny jurisdictional discovery under the FSIA "only for abuse of discretion, mindful that a district court has wide latitude to determine the scope of discovery." *See Beierwaltes*, 999 F.3d at 817 (internal quotation

---

[1] Appellants also argue, for the first time on appeal, that the CPA and Saudi Arabia are subject to jurisdiction under the third prong of the commercial activity exception. Appellants assert that Appellees' failure to pay under the agreement constituted "an act outside . . . the United States" that caused "a direct effect in the United States" because CCI expected to be paid in New York. *See* 28 U.S.C. § 1605(a)(2). However, because Appellants have failed to raise this argument before the district court, they have waived it on appeal. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004) ("In general we refrain from passing on issues not raised below."); *Singleton v. Wulff*, 428 U.S. 106, 120–21 (1976) (recognizing that a court of appeals will not consider an issue raised for the first time on appeal).

marks omitted). "Because the purpose of sovereign immunity is to protect foreign nations not only from liability but also from the expense, intrusiveness, and hassle of litigation, a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the FSIA." *Id.* at 828 (internal quotation marks omitted). Here, Appellants failed to articulate how any additional discovery could establish jurisdiction, especially given that the dispositive facts on the jurisdictional issue (discussed above) were undisputed. Thus, the district court did not abuse its discretion in denying such discovery. *See id.* at 828 (stating that a court "does not abuse its discretion in denying jurisdictional discovery if the party seeking discovery cannot articulate a reasonable basis for the court first to assume jurisdiction" (internal citation omitted)).

In sum, we conclude that Appellants have failed to establish an exception to the FSIA and, thus, that there is no subject matter jurisdiction over the claims in this case. Accordingly, the district court properly dismissed the case on that ground.[2]

\* \* \*

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because we conclude that jurisdiction is lacking under the FSIA, we need not (and do not) review the district court's decision to dismiss the case alternatively for *forum non conveniens*.

6